IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cr-30061 |
| DEVIN LAWTON, | ) |
| Defendant. | ) |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Devin Lawton's pro se motion (d/e 40) and amended motion for compassionate release (d/e 46) requesting a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are GRANTED.

### I. BACKGROUND

On September 3, 2020, pursuant to a written plea agreement, Defendant Devin Lawton pled guilty to a one-count Indictment for possession with intent to distribute fifty grams or more of actual methamphetamine, in violation of in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  In the plea agreement, the parties agreed

that the appropriate sentence was an 87-month term of imprisonment. On January 8, 2021, the Court sentenced Defendant to 87 months' imprisonment and a 5-year term of supervised release. Defendant is currently serving her sentence at FCI Pekin, and she has a projected release date of January 16, 2016.

On March 15, 2021, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 36. On March 18, 2021, following the appointment of the Federal Public Defender's Office to represent Defendant, Defendant filed a Motion to Voluntarily Dismiss so she could exhaust her administrative remedies. See d/e 38. Defendant filed a second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on April 23, 2021. See d/e 39. Because Defendant did not address the issue of exhaustion, the Court denied the motion.

On May 5, 2021, Defendant filed this third pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 40. On May 24, 2021, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended

Motion for Compassionate Release was filed. See d/e 46. Defendant argues that her urinary medical issue and losing her parental rights to her daughter amount to extraordinary and compelling reasons warranting a reducing in her sentence.

On May 26, 2021, the Government filed a response opposing Defendant's motion. See d/e 49. The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in her sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the

Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory claim-processing rule and therefore must be enforced when

Page **4** of **10**

properly invoked." United States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021).

In this case, Defendant argues that she submitted a request to the warden of his facility on March 18, 2021, which is more than 30 days ago. See d/e 46, p. 5. Additionally, the U.S. Probation Office received documents from BOP that indicate Defendant made a request for a sentence reduction with the warden at FMC Lexington, which was denied. See d/e 44, p. 5. The Government did not raise exhaustion in its Response. See Response, d/e 49. As such, the argument is waived. Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and whether a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Ms. Lawton is a 43-year-old female who has been suffering from a prolapsed bladder with kidney stones. An old ureteral stint has migrated into her bladder and pushed a four-centimeter kidney stone along with, causing significant pain and discomfort. She alleges that the BOP is not sufficiently and promptly addressing her

medical condition. Ms. Lawton also has a four-year old daughter and the state of Illinois has filed a Petition to Terminate Parental Custody.

Ms. Lawton's medical condition is serious. While, it is not life threatening, she has been in pain and in need of surgery for months. Ms. Lawton's medical treatment while in custody has moved along at an alarmingly slow pace; Ms. Lawton does not appear to be receiving her anywhere near the speed and level treatment that she would otherwise be able to receive were she not imprisoned. Her last appointment was scheduled for June 2, 2021, but was cancelled by the BOP.

Moreover, by remaining incarcerated, Ms. Lawton will likely lose her parental rights and her four-year old child will grow up in state custody. At the time of sentencing, it was believed that Ms. Lawton's step-parents would be able to adopt her daughter, but that plan has fallen through. Other district courts have similarly found that the prospect of termination of parental rights—and a child growing up in state custody—absent the release of a defendant can qualify as extraordinary and compelling circumstances. See, e.g., United States v. Murray, No. 1:15-CR-

00153, 2021 WL 795451 (S.D. Ind. Mar. 2, 2021); and United States v. Fortson, No. 1:18-CR-00063, 2020 WL 3963729 (S.D. Ind. July 13, 2020).  Moreover, the "death or incapacitation of the caregiver of the defendant's minor child" has been deemed by the Sentencing Guidelines as an extraordinary and compelling circumstance.  See U.S.S.G. § 1B1.13, Application Note 1(C).[1]  Here, while no caregiver as died or been incapacitated, there simply is no other available caregiver to save her daughter from state custody.  Ms. Lawton will lose her parental rights this month if she is not released.  Ms. Lawton, however, is committed to providing a safe and nurturing home for her daughter.

The Court finds that Ms. Lawton's medical condition combined with the impeding termination of her parental rights if she is not released qualifies as extraordinary and compelling circumstances.

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a).  Defendant is currently serving an 87-month term of imprisonment.  Defendant has only served 22 percent of her

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners."  No policy statement provides guidance for when a defendant files a motion.  Nevertheless, the Court considers § 1B1.13.

sentence.  Defendant's projected release date is January 16, 2026. Ms. Lawton was sentenced pursuant to a negotiated plea agreement that was below the mandatory minimum.  Since being incarcerated, Defendant has not committed any disciplinary infractions. Defendant has participated in educational programming and earned six certificates.  The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.  The U.S. Probation Office has found Defendant's proposed release plan suitable.  See d/e 51.  If Defendant quarantines herself at her new place of residence away from any other household members, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in her term of imprisonment, and the Court finds that compassionate release is

appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Devin Lawton's second pro se motion (d/e 40) and amended motion for compassionate release (d/e 46) are GRANTED. The Court hereby reduces Defendant's term of imprisonment from 87 months to time served plus 72 hours in order to allow BOP to test Defendant for COVID-19 and for Defendant to arrange transportation.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend 12 months in home confinement, with the first 14 days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office. However, Ms. Lawton is expressly permitted to leave the house to seek medical treatment, so long as she informs her Probation Officer of her appointments. Ms. Lawton is granted permission to associate with Sherry Nelson. All other aspects of Defendant's sentence shall remain the same.

The Bureau of Prisons is ORDERED to immediately test

Defendant for COVID-19. The Bureau of Prisons is also ORDERED to release Defendant once she has tested negative for COVID-19. The Clerk is DIRECTED to send a copy of this Opinion to FCI Pekin. Defendant must self-quarantine for a period of 14 days beginning at the time of her release, including while she travels from her BOP facility to her new residence. Defendant shall travel to her new residence in a vehicle with three-row seating that allows her to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER:  June 11, 2021

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE